UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    DIANA KAYE GENTRY,                          Case No. 09-36472-dof
            Debtor.                                       Chapter 7 Proceeding
                                                                      Hon. Daniel S. Opperman
_____/

DIANA KAYE GENTRY, JOHN BANFIELD,
JAMES BANFIELD, and NANCY DAY,

    Plaintiffs,

v.                                                                                         Adversary Proceeding
                                                                                         Case No. 15-3038-dof

TONI RAE BANFIELD, TONI BANFIELD, Trustee,
TONI RAE BANFIELD, Co-Trustee, and
DALE F. SCHALLER, Successor Trustee to the
Rayola O. Banfield Revocable and Irrevocable
Trusts,

    Defendants.
_____/

### OPINION REGARDING VARIOUS MATTERS PENDING BEFORE THE COURT [1]

Findings of Fact

Debtor Diana Gentry, Plaintiffs John Banfield, James Banfield and Nancy Day, and Defendant Toni Banfield are siblings; Rayola O. Banfield is their mother. Rayola Banfield created

---

[1] (Docket No. 1) Notice of Removal filed by Defendant Toni Rae Banfield; (Docket No. 2) Amended Notice of Removal filed by Toni Rae Banfield; (Docket No. 3) Motion to Enforce filed by Defendant Toni Banfield Trustee, Defendant Toni Rae Banfield Co-Trustee; (Docket No. 6) Motion for Sanctions filed by Plaintiff Diana Kaye Gentry; (Docket No. 19) Motion to Strike Document filed by Defendant Toni Banfield Trustee, Defendant Toni Rae Banfield Co-Trustee; (Docket No. 21) Motion to Dismiss Adversary Proceeding filed by Intervenor Dale F. Schaller; (Docket No. 26) Motion to Strike Document filed by Defendant Toni Banfield Trustee, Defendant Toni Rae Banfield Co-Trustee; (Docket No. 28) Motion to Intervene filed by Intervenor Dale F. Schaller; and (Docket No. 65) Motion for Clarification of the Scope of Removed Action filed by Intervenor Dale F. Schaller

1

a revocable trust on November 10, 1987, for the benefit of her children and amended that trust at least six times. On December 17, 1987, she created an irrevocable trust.

Diana Gentry filed a petition seeking Chapter 7 relief on December 3, 2009. Her first meeting of creditors was held on February 1, 2010. The Trustee filed a final report on December 3, 2013, and a final account certification on April 3, 2014.

Rayola Banfield died on July 2, 2012, about 2 1/2 years after the Debtor's bankruptcy petition. Thereafter, two files were opened in the Probate Court for Livingston County, Michigan: 13-14446 (irrevocable trust) and 13-14447 (revocable trust). Proceedings were held in the Livingston County Probate Court. Originally, the Defendant was the Trustee, but the Plaintiffs filed a Petition for Accounting and Removal of Trustee, and by an Order dated January 19, 2014, the Livingston County Probate Court temporarily suspended all then existing trustees and appointed Dale Schaller as Temporary Independent Trustee. On March 4, 2014, the Livingston County Probate Court entered a Consent Order amending the January 19, 2014, Order by appointing Mr. Schaller as Successor Trustee. By way of a petition dated February 26, 2015, and filed on March 5, 2015, with the Livingston County Probate Court, the Plaintiffs seek damages against the Defendant, including a surcharge against her interests in the trusts. On March 23, 2015, Defendant filed a Notice of Removal Pursuant to 28 U.S.C. § 1452, amended that Notice on March 24, 2015, and filed a Motion to Dismiss the Livingston County Probate Court Matter and Enforce the Automatic Stay ("Stay Motion"). That same day, Diana Gentry filed an Objection to the Notice of Removal, as amended, and a request to abstain, as well as a Motion for Sanctions against Defendant's counsel, Mr. Tindall. On March 26, 2015, the Defendant filed a Declaration of Compliance and a Request for Clarification of the Order entered by this Court on March 25, 2015. In particular, Defendant stated:

2

The February 27, 2015 Petition/THIRD "proceeding", was filed by a single (1) Petition. It was incorrectly filed, under the Case Nos. of the earlier "proceeding(s)", as neither trust is subject to "**continued supervisory proceedings**". *MCR 5.501(B)*. This is the Petition/"proceeding" removed, i.e., the "removed action". See, Exhibit 2 [stamped copy from state court]. To the knowledge of the undersigned, the ONLY "pleading" filed in this THIRD "proceeding" is the Petition, already attached to the NOTICE OF REMOVAL, and the only party(s) to this "proceeding"/claim are the Petitioners and Respondent whose counsel have been served.

On March 30, 2015, Mr. Schaller, through counsel, appeared. That same day, Diana Gentry responded to Defendant's Stay Motion. The next day, Mr. Schaller filed an Affidavit regarding the Stay Motion, which Defendant moved to strike on April 2, 2015. In the meantime, First National Bank in Howell filed an appearance, and has generally joined Mr. Schaller, the Debtor, and the Plaintiffs in various requests for relief.

On April 7, 2015, Mr. Schaller filed a Motion to Dismiss the Removed Action or for Remand or Abstention and a few days later filed an Objection to the Stay Motion. Diana Gentry and First National Bank joined this Motion. In turn, the Defendant has moved to strike Mr. Schaller's pleadings or responded to those pleadings. Thereafter, the Defendant has labeled Mr. Schaller an interloper with no standing in this proceeding. In response, Mr. Schaller has requested the right to intervene, which Defendant opposes. A hearing was held on May 26, 2015, at which time the Court requested documents, which the parties subsequently filed.

In the middle of all of this, the Livingston County Probate Court administratively closed its entire file.

On July 30, 2015, Mr. Schaller filed a Motion for Clarification of the Scope of Removed Actions and requested the following relief:

> (a) Enter an order clarifying the extent to which the Removal Notices removed the Probate Cases and in which the Court the administration of the Trusts, including approval of the sale of the Property, should proceed;

(b) If the Removal Notices only removed the discrete issue of whether Debtor's interests in the Trusts are property of the estate, enter the proposed Order Granting Motion for Clarification of the Scope of Removed Action (which would also retain jurisdiction to determine the award of sanctions for conduct in this Court), attached as Exhibit 1;

The Defendant responded with her own request for relief:

Respondents respectfully request this Court immediately issue its Order:
A. DECLARING Debtor Gentry's interests in BOTH trusts to assets of the Bankrupt Estate;
B. DECLARING ALL orders and proceedings conducted in or issued by the Livingston County Probate Court legally invalid and VOID;
C. ORDERING DALE SHALLER to immediately return the operation, control and assets of BOTH trusts to TONI RAE BANFIELD, and, restore both thrust [sic] and their assets and properties to the condition existing immediately BEFORE commencement of the proceedings in Livingston County Probate Court;
D. ORDERING DAL SHALLER to immediately account fully for all assets, funds, properties and actions taken by him, illegally, as alleged trustee of both Trusts;
E. ORDERING all assets, funds and moneys paid to any person, entity or law firm(s) clawed back and returned to the respective trusts by each and every person or entity that received such property;
F. INJOIN DALE SHALLER, his agents, attorneys, employees and anyone claiming to act in his name or on his behalf, or, in the name of either trust with his authorization, including realtors, listing services, banks, brokerage companies, and, any other such person or entity, from taking further action without the express written authorization of TONI RAE BANFIELD;
G. GRANT such further and additional relief, on an expedited basis, as may be necessary or helpful to return BOTH trusts to their status quo before the illegal removal of TONI RAE BANFIELD, as Trustee.

This is consistent with the Defendant's Stay Motion, which requested the following relief:

Now comes TONI RAE BANFIELD, individually and in her capacity as Sole Trustee and Co-Trustee (hereinafter "Banfield") of the Rayolla O. Banfield Irrevocable Insurance Trust and the Rayolla O. Banfield Revocable Living Trust (hereinafter "Trusts") . . .

3. Banfield seeks enforcement of the automatic stay in the form of an order of this Court finding that the Petition and all proceedings conducted below in the Livingston County Probate Court are subject to the automatic stay, and may not proceed. (A copy of the most recent Petition is attached to DE 1.)

. . .

5. Banfield also seeks entry of appropriate relief against Debtor, her Co-petitioners, Dale Shaller, John K. Harris Esq., and the law firm of HARRIS & LITERSKI, under 11 USC 362(k) for actual damages, punitive damages, and, actual attorney's fees expended or incurred by Banfield.

. . .

A. Finding that the Petition and all state court proceedings were filed and conducted in violation of the automatic stay;
B. Declaring all proceedings, orders and actions taken by the Livingston County Probate Court, and by anyone as a consequence thereof, legally invalid and void.
C. Ordering the status quo in place prior to the conduct of any state court proceedings restored.
D. Awarding actual and punitive damages, including actual costs and attorney's fees incurred, against Debtor, Day, any other Petitioners, Harris and their law Firm, HARRIS & LITERSKI, incurred by the Banfield, as a result of the conduct of the state court proceedings and this proceeding; and
E. Granting Banfield such further and additional relief as the Court deems just and appropriate.

The Court heard arguments regarding these matters on May 26, 2015, and September 30, 2015.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Applicable Law

11 U.S.C. § 541(a)(5) states:

    (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

    . . .

5

(5) Any interest in property that would have been property of the estate if such interests had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date —

(A) by bequest, devise, or inheritance;

11 U.S.C. § 362(a)(2) and (3) state:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of —

. . .

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

28 U.S.C. § 1452(b) states:

(b) The act to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

<u>Analysis</u>

The Defendant argues that the automatic stay pursuant to 11 U.S.C. § 362 applies here and that this Court should prohibit the Livingston County Probate Court from taking any further action regarding the trust. 11 U.S.C. § 362 is premised upon the notion that the automatic stay is needed to protect property of the estate. 11 U.S.C. § 541 states that Diana Gentry's interest in the various trusts would not have been in existence because Diana Gentry would not have acquired or become entitled to acquire an interest within 180 days of her bankruptcy petition. Here, her mother, Rayola

6

Banfield, died in July of 2012, approximately 2 1/2 years after Diana Gentry's December 3, 2009, bankruptcy petition and well beyond the 180 days set in 11 U.S.C. § 541. Accordingly, there is no property of the estate as defined by 11 U.S.C. § 541, and therefore, 11 U.S.C. § 362 does not apply and, by extension, this Court does not have the authority to enforce the non-existent stay.

Assuming arguendo that an automatic stay does exist, the Court further analyzes this case to conclude that the appropriate forum to determine the nature, extent, and value of Diana Gentry's interest is the Livingston County Probate Court. The Sixth Circuit has identified five factors for courts to consider in deciding to lift the stay for cause in order to allow litigation to continue pursuant to 11 U.S.C. § 362(d)(1):

(1) judicial economy;
(2) trial readiness;
(3) the resolution of preliminary bankruptcy issues;
(4) the creditor's chance of success on the merits; and
(5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors.

*In re Garzoni*, 35 F. Appx. 179, 181 (6th Cir. 2002) (citing *In re United Imports, Inc.*, 203 B.R. 162, 167 (Bankr. D. Neb. 1996)).

As this Court often does when a state law created right exists, the Court defers to the state court to determine the value of that interest. For example, this Court routinely lifts the automatic stay to allow the estate, through the trustee, to initiate and continue personal injury lawsuits with the condition that if any money is awarded as a result of this lawsuit, then the money comes to the trustee to be administered in this Court. Here, the Court sees no reason to alter this course of action. Accordingly, the Defendant's Stay Motion is denied.

Next, the Court turns to the issue of remanding this matter under 28 U.S.C. § 1452. Under 28 U.S.C. § 1452, the Court may remand a proceeding on any equitable ground. The Court considers the following factors to analyze a request to equitably remand a matter:

> 1. Whether a duplicative and uneconomical effort of judicial resources in two forums exists;
> 2. Prejudice to the involuntarily removed parties;
> 3. Forum non conveniens;
> 4. A holding that a state court is better able to respond to a suit involving questions of state law;
> 5. Comity considerations;
> 6. Lessened possibility of an inconsistent result; and
> 7. The expertise of the court in which the matter was pending originally.

*Cordes v. Continental Holdings, Inc. (In re Continental Holdings, Inc.)*, 158 B.R. 442, 444 (Bankr. N.D. Ohio 1993).

Mr. Schaller has requested this relief, as well as dismissal of the instant action. Moreover, Diana Gentry has requested this relief. As an issue exists as to whether Mr. Schaller is a proper party, the Court will analyze the motion as if Diana Gentry had filed it in her own right.

First, it would appear that if both the Livingston County Probate Court action and this action continued, then there would be duplicative and uneconomic effort of two courts. While a stay of the Livingston County Probate Court action could avoid this result, the Court has previously determined that such a stay is inappropriate, so this factor balances slightly in favor of Diana Gentry. Next, the prejudice to the involuntarily removed parties is a factor in favor of all Plaintiffs as they sought to have this action heard and resolved in the Livingston County Probate Court. This factor is slightly in favor of the Plaintiffs.

The forum non conveniens element is a neutral factor in that all parties are approximately equal distant from Livingston County, as opposed to this Court.

It is clear that the Livingston County Probate Court is better able to respond to lawsuits involving questions of state law and, in particular, probate law, as these issues routinely are raised in the probate courts across the State of Michigan and not with this Court. This factor weighs heavily in favor of Diana Gentry. Moreover, the Court notes that the case of *Marshall v. Marshall*, 547 U.S. 293 (2006) holds that this Court does not have jurisdiction to dispose of or make

determinations regarding the trust res under the custody of state probate court, all pursuant to the probate exception to federal jurisdiction. In this regard, M.C.L.A. § 700.1302 does grant the probate court exclusive legal and equitable jurisdiction regarding matters of a trust, such as the ones in question in this case. This analysis also affects elements 5 and 7 in which this Court does give due consideration to comity in favor of the Livingston County Probate Court and, by extension, to Diana Gentry, as well as the recognition that the Livingston County Probate Court has expertise in the matters pending before that Court prior to this case being removed to this Court.

Finally, there is less possibility of an inconsistent result if this matter is remanded back to the Livingston County Probate Court. Accordingly, the Court grants the Motion to Remand this matter to the Livingston County Probate Court.

The Court next turns to the Motion to Intervene of Mr. Schaller. Given the previous determinations of this Court, the Court initially views Mr. Schaller's request as moot. That being the case, the Court does note that the request for relief of the Defendant is directed to Mr. Schaller and, as such, Mr. Schaller should have the opportunity to respond to these requests if the need should ever arise. By way of example, the Defendant's request for relief as outlined in the Stay Motion would require this Court to allow Mr. Schaller to respond, if the merits of the request were to be considered. For the reasons stated in this Opinion, however, the Stay Motion was denied, so Mr. Schaller's need to intervene in this action is currently moot. Likewise, all other requests appear to be moot given the Court's determination and rulings on the previous motions identified in this Opinion, with one exception.

In particular, Diana Gentry has filed a motion for sanctions that is separate and distinct from the other issues raised by the parties in this action. The Court concludes that this motion for sanctions should be retained by the Court for later determination, including the opening of discovery and after completion of discovery, a final pre-hearing conference before an evidentiary hearing is

9
15-03038-dof    Doc 93    Filed 11/30/15    Entered 11/30/15 16:10:06    Page 9 of 10

held.  Accordingly, the Court will open discovery regarding Diana Gentry's motion for sanctions for a period of at least 120 days and will schedule a status conference and a subsequent evidentiary hearing after the completion of discovery.

Counsel for the Plaintiffs is directed to prepare an order consistent with this Opinion. Counsel for Defendant, Toni Banfield, as Trustee and individually, need not prepare a separate order, but may file an objection to the presentment of an order as prepared by counsel for the Plaintiffs, all consistent with the presentment of order procedures of this Court.

**Not for Publication**

```
Signed on November 30, 2015
                                        /s/ Daniel S. Opperman
                              Daniel S. Opperman
                              United States Bankruptcy Judge
```